```
                    UNITED STATES DISTRICT COURT
                      DISTRICT OF MASSACHUSETTS
```

|                                    |                        |
|------------------------------------|------------------------|
| EDEN CHEVELLE JACQUES,             |                        |
|         Plaintiff,                 | No. 19-CV-12083-DLC    |
|         v.                         |                        |
| COMMISSIONER OF CORRECTION, et al.,|                        |
|         Defendants.                |                        |

**ORDER ON PLAINTIFF'S MOTIONS FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* (DKT. NO. 2) AND APPOINTMENT OF COUNSEL (DKT. NO. 3)**

Cabell, U.S.M.J.

*Pro se* plaintiff Eden Chevelle Jacques, who is confined at the Suffolk County House of Correction, has filed a civil complaint against the Commissioner of the Massachusetts Department of Correction ("DOC") and former DOC Commissioner Thomas Turco. Jacques alleges that, as a pretrial detainee, he was unlawfully transferred from the Hampshire County Jail and House of Correction to the Souza-Baranowski Correctional Center, where he was subject to punishment.

Jacques has also filed motions for leave to proceed *in forma pauperis* and for the appointment of *pro bono* counsel.

Upon review of Jacques's filings, the Court hereby orders:

1.   The motion for leave to proceed *in forma pauperis* is GRANTED. Pursuant to 28 U.S.C. § 1915(b)(1), the Court assesses an initial partial filing fee of $41.83. The remainder of the fee, $308.17, shall be collected in accordance with 28 U.S.C. § 1915(b)(2). The Clerk shall send a copy of this order to the treasurer of the institution having custody of the plaintiff.

2.   The motion for appointment of *pro bono* counsel is DENIED WITHOUT PREJUDICE to renewal after the defendants have been served with and responded to the complaint. Under 28 U.S.C. § 1915(e)(1), the Court "may request an attorney to represent any person unable to afford counsel." 28 U.S.C. §1915(e)(1). However, a civil plaintiff lacks a constitutional right to free counsel. *See DesRosiers v. Moran*, 949 F.2d 15, 23 (1st Cir. 1991). To qualify for appointment of counsel, a party must be indigent and exceptional circumstances must exist such that the denial of counsel will result in fundamental unfairness impinging on the party's due process rights. *See id.* Here, because the defendants have not responded to or even been served with the complaint, the Court cannot yet determine whether this case presents exceptional circumstances that would justify the appointment of *pro bono* counsel.

3.   The clerk shall provide the plaintiff with the form for Consent/Refusal of Magistrate Judge Jurisdiction and the instructions for that form ("consent package").

4. The clerk shall issue summonses for both defendants. The plaintiff is responsible for ensuring that the summonses, complaint, consent package, and this order are served on the defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure.

5. Because the plaintiff is proceeding *in forma pauperis*, he may elect to have service completed by the United States Marshals Service ("USMS"). If the plaintiff chooses to have service completed by the USMS, he shall provide the agency with all papers for service and a completed USM-285 form for each defendant. The USMS shall complete service as directed by the plaintiff with all costs of service to be advanced by the United States. The Clerk shall provide the plaintiff with a blank USM-285 form and instructions for service by the USMS.

6. The plaintiff shall have 90 days from the date of the issuance of the summons to complete service. Failure to complete service within 90 days may result in dismissal of the action without further notice from the Court. *See* Fed. R. Civ. P. 4(m); Local Rule 4.1 (D. Mass.).

7. Each party (or their counsel) must inform the Court whether the party consents to the jurisdiction of the Magistrate Judge by completing and returning to the Court the form "Notice to Parties in *Pro Se* Prisoner Litigation Cases," which form is included in the consent package. The parties shall file the

3

document in paper form and it will not be placed on the public docket.

If a party consents to the jurisdiction of the Magistrate Judge, the party shall so indicate by writing the party name and signing and dating the table under the subheading "Consent to Proceed Before a U.S. Magistrate Judge."

If a party does not consent to the jurisdiction of the Magistrate Judge, the party shall, under the subtitle "Refusal to Consent to Proceed Before a U.S. Magistrate Judge," print the party's name and sign and date the form.

While consent to the final assignment of the case to the magistrate judge is entirely voluntary, the form indicating a party's consent or refusal to consent must be filed within 30 days after the date of service of the summons and complaint on the last party.

                                          /s/ Donald L. Cabell
                                          DONALD L. CABELL, U.S.M.J.

DATED: 10/21/2019