```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF MASSACHUSETTS
```

```
EDEN CHEVELLE JACQUES,

            Plaintiff,
                                    No. 19-cv-12083-DLC
            v.

COMMISSIONER OF CORRECTION
THOMAS A. TURCO, III,

            Defendant.
```

### ORDER ON DEFENDANT'S MOTION TO DISMISS

Cabell, U.S.M.J.

   I.   INTRODUCTION

   In 2016 Eden Chevelle Jacques was indicted on state charges of rape of a minor and ordered detained pending trial. Jacques was initially held at a county jail but was subsequently transferred to a state prison. Proceeding *pro se*, Jacques contends in a five-count complaint that his pretrial transfer to a state prison (and the maltreatment he received once there) violated his civil and common law rights. The defendant, the Commissioner of the Massachusetts Department of Correction, argues *inter alia* that Jacques' claims are barred by the doctrine of *res judicata* because Jacques previously and unsuccessfully litigated the very same claims in state court. *See Jacques v. Commissioner*, No. 1884CV02280 (Mass. Super. Ct. Suffolk Co. filed July 24, 2018).

The defendant moves to dismiss; the plaintiff opposes. (D. 21, 33).  For the reasons explained below, the court allows the motion to dismiss.

## II. BACKGROUND

Because the plaintiff appears pro se, we construe his pleadings more favorably than we would those drafted by an attorney.  *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).  Nevertheless, the plaintiff's pro se status does not excuse him from complying with procedural and substantive law.  *See Ahmed v. Rosenblatt*, 118 F.3d 886, 890 (1st Cir. 1997).

In November 2016, a Suffolk County grand jury indicted the plaintiff on charges of rape of a minor and the superior court ordered him detained pending trial.  The plaintiff was initially held in the Hampshire County Jail but in December was transferred from there to the Souza-Baranowski Correctional Center (SBCC)[1]. (D. 22-1.).

In July 2018, the plaintiff brought a *pro se* action in state court against the Commissioner challenging his transfer to SBCC.  The plaintiff contended that the transfer constituted "infamous punishment"[2] where he had not been sentenced to a state

---

[1]  The plaintiff was subsequently convicted and is presently serving a term of incarceration.

[2] Massachusetts Constitution, Part I, art. 12, provides in pertinent part that "the legislature shall not make any law, that shall subject any person to . . . infamous punishment . . . without trial by jury."

correctional facility.  (D. 22-2).  He contended also that SBCC officers encouraged other inmates to assault him by revealing the nature of the charges against him; discarded his personal property; subjected him to humiliating strip searches before being able to meet with his attorney; denied or allowed him only shortened face-to-face meetings with counsel; and denied him adequate access to the law library.  (Id.).

The state court complaint advanced the following five claims:

1. "Count One - Civil Rights Violation under 42 U.S.C. § 1983": the plaintiff alleged that the Commissioner violated the plaintiff's Eighth Amendment rights by transferring him to SBCC without legal authorization;

2. "Count two - Civil Rights Violations and Article XXVI of the Declaration of Rights of the Massachusetts Constitution": the plaintiff alleged that the Commissioner improperly transferred him to SBCC to inflict punishment on him rather than for purposes of security;

3. "Count three - Civil Rights violation and Article XXII [sic][3] of the Declaration of Rights of the Massachusetts Constitution":  the plaintiff alleged that the Commissioner could not transfer him to a state prison where he had never been previously indicted;

4. "Count Four - Civil Rights Violation of the United States Constitution and Amendment XIV Section 1":  the plaintiff alleged pursuant to 42 U.S.C. § 1983 that the Commissioner deprived him of life, liberty, and property without due process; and

5. "Count Five - Intentional Infliction of Emotional Distress":  the plaintiff alleged that the Commissioner intentionally inflicted emotional distress upon him.

---

[3] Although the plaintiff referred to Article XXII, which relates to meetings of the legislature, he almost surely meant to refer to Article XII, which concerns the right to due process.

(D. 22-2).

The Commissioner moved for a judgment on the pleadings.  The Commissioner argued *inter alia* that he was entitled to transfer the plaintiff to SBCC because M.G.L. c. 276, § 52A authorizes the Commissioner to move a detainee from a county jail to a state facility with the approval of the county district attorney if the detainee had previously been incarcerated in a state correctional facility.  The Commissioner noted that notwithstanding Jacques' assertions to the contrary, Jacques had previously been incarcerated at SBCC for a prior 2007 felony conviction for assault and battery with a dangerous weapon.  *See Commonwealth v. Jacques*, No. 0601CR004972-1 (Boston Mun. Ct.-Central filed Aug. 3, 2006).

The Commissioner also argued that to the extent Jacques argued that he was subjected to "infamous punishment" by being transferred to a state prison without being indicted, Jacques appeared to be relying on *Brown v. Commissioner*, 394 Mass. 89 (1985), which determined that Article XII prohibits unindicted defendants from being sentenced to the state prison.  The Commissioner argued that *Brown* was not applicable to Jacques' case because *Brown* did not apply to pretrial transfers and the statute in any event only barred the transfer of a sentenced prisoner to Massachusetts' Cedar Junction prison facility.  (D. 22-4).

Finally, the Commissioner argued that Jacques' civil rights were not violated because: he had no due process right to avoid being transferred to SBCC; he had not alleged either deprivations that were sufficiently serious or that prison officials were deliberately indifferent to his health or safety; and he failed to cite any authority for his general proposition that being housed at SBCC was sufficient in and of itself to state a valid Eighth Amendment claim. (D. 22-4).

On May 5, 2019, the state court allowed the Commissioner's motion for judgment on the pleadings for the reasons stated in the Commissioner's memorandum. (D. 22-5). Jacques did not appeal. (D. 22-3). Rather, on October 7, 2019 Jacques initiated the present action. (D. 1). The federal complaint is virtually identical to Jacques' state court complaint in that it names the Commissioner as the defendant, it raises the exact same claims as those advanced in the state court complaint -using near identical wording and format, and arises out of the same nucleus of facts, namely the plaintiff's pretrial transfer to SBCC and his treatment once there. (D. 1-1).[4]

---

[4] For example, the titles of the five counts in the federal complaint track word for word the titles of the five counts in the state complaint. See D. 1-1 ("Count One - Civil Rights Violation under 42 U.S.C. § 1983"; "Count two -Civil Rights Violations and Article XXVI of the Declaration of Rights of the Massachusetts Constitution"; "Count three - Civil Rights violation and Article XXII of the Declaration of Rights of the Massachusetts Constitution"; "Count Four - Civil Rights Violation of the United States Constitution and

On January 7, 2020, the Commissioner moved to dismiss the complaint on the grounds that Jacques' federal claims are barred by the doctrine of *res judicata*, and regardless fail to assert viable claims for relief. (D. 22). Jacques in opposition argues that the doctrine of *res judicata* should not apply because the state court showed bias and favoritism toward the defendant. He argues that this court therefore can and should consider his claims *de novo*. (D. 33 at ¶¶ 2-11).

### III. STANDARD OF REVIEW

"In deciding a motion to dismiss under Rule 12(b)(6). . . a pro se complaint must be evaluated upon less stringent standards than those applicable to one drafted by an attorney." *Ulatowski v. Ponte*, 524 F. Supp. 1112, 1114 (D. Mass. 1981). Nonetheless, the court will "not conjure up unpleaded facts to support. . . conclusory [allegations]." *Cote v. Murphy*, 152 F. App'x 6, 7 (1st Cir. 2005) (alterations in original) (quoting *Hurney v. Carver*, 602 F.2d 993, 995 (1st Cir. 1979)).

A Rule 12(b)(6) motion to dismiss challenges a party's complaint for failing to state claim. In deciding such a motion, a court must "accept as true all well-pleaded facts set forth in the complaint and draw all reasonable inferences therefrom in the

---

Amendment XIV Section 1"; and "Count Five - Intentional Infliction of Emotional Distress").

pleader's favor."  *Haley v. City of Boston*, 657 F.3d 39, 46 (1st Cir. 2011) (quoting *Artuso v. Vertex Pharm., Inc.*, 637 F.3d 1, 5 (1st Cir. 2011)).

To survive such a motion, the plaintiff must provide "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  The "obligation to provide the grounds of [the plaintiff's] entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Id*. at 555 (quotation marks and alteration omitted).  The "[f]actual allegations must be enough to raise a right to relief above the speculative level . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)."  *Id*. at 555 (internal citations omitted).

### IV. DISCUSSION

The Commissioner asserts that the plaintiff's claims must fail because they are precluded by the doctrine of *res judicata*, and because they fail regardless to state claims upon which relief can be granted.  As explained below, I agree that the claims at issue in this case were previously litigated in state court and, accordingly, grant the motion to dismiss.

The doctrine of *res judicata* provides that "a final judgment on the merits of an action precludes the parties or their privies

from relitigating issues that were or could have been raised in that action." *Allen v. McCurry*, 449 U.S. 90, 94 (1980). "Federal courts must give preclusive effect to state court judgments in accordance with state law." *SBT Holdings, LLC v. Town of Westminster*, 547 F.3d 28, 36 (1st Cir. 2008) (internal quotation marks and citation omitted). Under Massachusetts law, *res judicata* includes both claim preclusion and issue preclusion. *Heacock v. Heacock*, 402 Mass. 21, 23 n. 2 (1988). "Claim preclusion makes a valid, final judgment conclusive on the parties and their privies, and prevents relitigation of all matters that were or could have been adjudicated in the action." *Kobrin v. Board of Registration in Medicine*, 444 Mass. 837, 843 (2005) (quoting *O'Neill v. City Manager of Cambridge*, 428 Mass. 257, 259 (1998) (further citation omitted)).

For claim preclusion to apply, the respective parties must be identical or in privity with the parties in the prior action, the causes of action must be the same or arise from the same nucleus of operative facts, and there must have been a final judgment on the merits in the prior action. *Cavic v. America's Servicing Co.*, 806 F. Supp.2d 288, 290 (D. Mass. 2011).

All of the elements for *res judicata* are met in this case. First, the parties are the same in this action as in the state court action. Next, the claims in both cases are identical and

are based on the same set of facts. Finally, a final judgment on the merits was rendered where the state court found for the reasons set forth in the Commissioner's memorandum that the state court complaint failed to assert viable claims for relief. *See Isaac v. Schwartz*, 706 F.2d 15, 17 (1st Cir. 1983) ("Under Massachusetts law, as elsewhere, a dismissal for failure to state a claim, under Mass. R. Civ. P. 12(b)(6), operates as a dismissal on the merits . . . with res judicata effect."). In light of the foregoing, it follows that the plaintiff's federal claims are barred by *res judicata*, even assuming that the state court may not have explicitly addressed or commented on every one of the plaintiff's specific assertions in resolving his claims. *See e.g., Lucky Brand Dungarees, Inc. v. Marcel Fashions Group, Inc.*, 140 S.Ct. 1589, 1595 (2020) ("If a later suit advances the same claim as an earlier suit between the same parties, the earlier suit's judgment 'prevents litigation of all grounds for, or defenses to, recovery that were previously available to the parties, regardless of whether they were asserted or determined in the prior proceeding.'") (quoting *Brown v. Felsen*, 442 U.S. 127, 131 (1979)).[5]

---

[5] For the same reasons, the court does not, and indeed, cannot indulge the plaintiff's request to consider his claims *de novo* on the ground that the state court's decision was tainted by bias or favoritism. Jacques has not in any event proffered any evidence to suggest the state court resolved his claims on any ground other than the merits.

**V.   CONCLUSION**

For the reasons stated above, the Defendant's Motion to Dismiss (D. 21) is **GRANTED**.


**So Ordered.**                                         /s/ Donald L. Cabell
                                                        DONALD L. CABELL, U.S.M.J.

DATED:  November 13, 2020